

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EJK:JRL
F.#2012R00559

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 22, 2012

**By ECF and By Hand**

The Honorable Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Crispulo Sepulveda Beltre
Criminal Docket No. 12-267 (RRM)

Dear Judge Mauskopf:

The government respectfully submits this letter in advance of the sentencing in the above-referenced case, scheduled for May 23, 2012. The defendant's Guidelines range is 6 to 12 months of incarceration, and the defendant is eligible for probation under the Guidelines for a period of at least 1 but not more than 5 years, so long as his sentence includes a condition of intermittent or community confinement or home detention for 6 months. The government respectfully requests that the Court impose a sentence within this range.

I. Background

As set forth in the Presentence Investigation Report ("PSR"), on or about April 1, 2012, the defendant arrived at John F. Kennedy International Airport, having arrived aboard a Jet Blue Airlines flight from Santiago, Dominican Republic. The defendant produced a United States passport in the name of "Jose Antonio Gonzalez" to Customs and Border Protection officers. After he was fingerprinted, officers became aware that the defendant had a number of different arrests under various names. (PSR at ¶ 2). The defendant obtained the passport in the name of "Jose Antonio Gonzalez" by using a Puerto Rican birth certificate and social security card he obtained from a woman he met in a coffee shop. The passport was secured by submission of information regarding "Jose Antonio Gonzalez" and a photograph of the defendant. (PSR at ¶ 2).

On May 2, 2012, pursuant to a plea agreement,[1] the defendant pleaded guilty to the single count of the indictment, which charges that on or about April 1, 2012, the defendant used and attempted to use a passport the issuance of which was secured by reason of one or more false statements, to wit: the use of a false name, false date of birth, and false place of birth, in violation of Title 18, United States Code, Sections 1542 and 2.

## II. Argument

### A. Presentence Report Accurately Computes the Applicable Guidelines Range

The government agrees with the Guidelines calculation in the PSR, which states that the applicable Guidelines range is 6 to 12 months, based upon a total offense level of 10 and a Criminal History Category of I. The PSR also notes the possibility of a probationary sentence of between 1 to 5 years, predicated upon a condition requiring intermittent or community confinement or home detention for 6 months.[2]

### B. The 3553(a) Factors Suggest That A Guidelines Sentence Is Appropriate In This Case

The factors outlined in 18 U.S.C. § 3553(a) show that a Guidelines sentence is appropriate in this case.

First, the nature of the offense to which the defendant pleaded guilty, see 18 U.S.C. § 3553(a)(1), is serious. The defendant used a U.S. passport obtained through the submission of false information, including a false name, false date of birth, and false place of birth. The defendant reportedly used the documents he obtained for several years. The defendant also had a New Jersey driver's license and an expired Fed Ex employee identification, both in the name of Jose Antonio Gonzalez. (PSR at ¶ 3).

---

[1] Although the PSR indicates at ¶ 1 that there is no written plea agreement, the agreement is Court's Exhibit 1.

[2] In addition, the PSR states at ¶ 50 that if a term of supervised release is imposed, it must be for at least 2, but not more than 3 years. However, the Guidelines at 5D1.2(a)(2) provide for a term of between 1 and 3 years.

While the defendant is himself a lawful permanent resident of the United States, he likely began to assume new identities to avoid the potential consequences of his criminal cases. In 2003, the defendant was charged in Middlesex County, New Jersey, with possession of a controlled substance in the third degree. On May 9, 2003, a bench warrant was issued for the defendant's arrest, based upon his failure to appear. In connection with that case, the defendant used the name "Guillermo Colon." (PSR at ¶ 18). In 2006, the defendant became the subject of an additional bench warrant under the name "Jose A. Gonzales." (PSR at ¶ 21). Rather than face the consequences of his actions, the defendant has used a variety of names and failed to return to court to face his criminal cases. Such conduct informs both the motivation behind the commission of the instant offense and provides clarity regarding the defendant's "history and characteristics." 18 U.S.C. § 3553(a)(1).

Although the defendant has accepted responsibility, as reflected in the two-level reduction in his offense level, there is no reason this situation is any different from the ordinary situation contemplated by U.S.S.G. § 3E1.1(a). Accordingly, no departure should be made on this basis.

Nor does anything in the defendant's family history, work history, or educational background warrant a below-Guidelines sentence. See U.S.S.G. §§ 5H1.2 (education and vocational skills not ordinarily relevant in determining whether departure warranted); 5H1.5 (employment record not ordinarily relevant in determining whether departure warranted); 5H1.6 (family ties and responsibilities not ordinarily relevant in determining whether departure may be warranted). While the defendant appears to suffer from a medical condition, there is nothing in the PSR to indicate that he could not be treated within the Bureau of Prisons or in a home detention/community confinement environment.

A sentence within the applicable Guidelines range would also promote both general and specific deterrence and ensure a just punishment in this case. This is particularly true where the defendant, in addition to obtaining a passport and other forms of identification in the name of Jose Gonzalez, also filed tax returns under that name during the mid to late 2000s. (PSR at ¶ 57). The filing of false tax returns for multiple years may form the basis for felony criminal tax charges not limited to violations of 26 U.S.C. § 7206(1). This conduct merits consideration by the Court in its imposition of a sentence.

III. Conclusion

For the reasons set forth herein, the defendant should be sentenced within the applicable Guidelines range of 6 to 12 months' imprisonment or 1 to 5 years' probation, with 6 months of intermittent or community confinement or home detention.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/
Jennifer R. Laraia
Special Assistant U.S. Attorney
(718) 254-6108

cc: Jan Rostal, Esq. (By ECF)